UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERESA RICHARDSON,<br><br>  Plaintiff,<br><br>  v.<br><br>IBEW PACIFIC COAST PENSION FUND,<br><br>  Defendant. | CASE NO. C19-0772JLR<br><br>ORDER DIRECTING THE PARTIES TO FILE ADDITIONAL BRIEFING AND CLARIFYING OTHER SCHEDULING ISSUES |

Before the court are: (1) Plaintiff Teresa Richardson's complaint seeking review of Defendant IBEW Pacific Coast Pension Fund's ("IBEW") decisions (a) to reduce Ms. Richardson's monthly pension benefit from $2,071.50 to $1,103.73, and to further reduce her monthly pension amount by 50% the month after her ex-husband's death, and (b) to seek recoupment of IBEW's alleged overpayment to Ms. Richardson in the amount of $130,648.95 (*see generally* Compl. (Dkt. # 1)); (2) IBEW's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Ms. Richardson's complaint, or in the alternative,

for summary judgment under Rule 56 (*see* MTD (Dkt. # 18)); *see also* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 56; (3) IBEW's trial brief (Def. TB (Dkt. # 23)); and (4) Ms. Richardson's trial brief (Pl. TB (Dkt. # 24)).

Here, the parties agree that an abuse of discretion or arbitrary and capricious standard of review is appropriate to resolve Ms. Richardson's claims. (*See* JSR (Dkt. # 11) at 2 ("[T]his case is limited to . . . whether the Trustees acted in an arbitrary and capricious manner in their denial of [Ms. Richardson's] appeal.")); *see also Nolan v. Heald Coll.*, 551 F.3d 1148, 1153 (9th Cir. 2009) ("Where an ERISA plan confers discretionary authority upon a plan administrator to determine eligibility for benefits, we generally review the administrator's decision to deny benefits for an abuse of discretion."); *Tapley v. Locals 302 and 602 of IUOE Emp'rs Constr. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013) ("We equate the abuse of discretion standard with arbitrary and capricious review.").

Presently, the court intends to resolve the issues presented by Mr. Richardson's complaint, IBEW's motion, and the parties' trial briefs in a single order. Toward that end, the Ninth Circuit instructs that in an ERISA benefits case, where the court's review is for abuse of discretion, summary judgment is the procedural "conduit to bring the legal question[s] before the district court." *See Hoffman v. Screen Actors Guild Producers Pension Plan*, 757 F. App'x 602, 605 (9th Cir. 2019) (quoting *Nolan*, 551 F.3d at 1154, *& Benedixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999), *abrogated on other grounds by Abatie v. Alta health & Life Ins. Co.*, 458 F.3d 955, 968 (9th Cir. 2006) (en banc)). Here, however, the parties did not file cross motions for summary judgment, but

instead "trial briefs."  (*See* Pl. TB; Def. TB.)  Yet, as the parties acknowledge, because "this is a matter of review of the administrative record only, there will be . . . no testimony or other new evidence submitted" at trial.  (*See* Stip. (Dkt. # 14) at 1.)  Thus, the submission of "trial briefs"—with no response from the opposing party—is of limited utility to the court in this context.  Accordingly, to obtain the benefit of the parties' entire analysis of the pending issues, the court ORDERS each party to file a responsive memorandum to the opposing party's "trial brief."  This will more closely mimic the summary judgment procedure described by the Ninth Circuit in these circumstances.  The parties shall file their responsive memoranda no later than Monday, March 9, 2020, and shall limit their memoranda to no more than twenty (20) pages.

Finally, although the court designated March 16, 2020, as a "trial date," the parties acknowledge that, in the context of this case, there will be no trial, and they intend to use the time "for oral argument only."  (Stip. at 1.)  The parties should not assume that oral argument will occur on March 16, 2020.  Instead, after receiving the remainder of the parties' briefing, the court will schedule oral argument on IBEW's motion and the issues raised in Ms. Richardson's complaint and the parties' briefing at a time that is convenient

//

//

//

//

//

//

for the court.  Thus, the parties should await further notification from the court concerning the scheduling of oral argument.

Dated this 26th day of February, 2020.

JAMES L. ROBART
United States District Judge