UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERESA RICHARDSON,<br><br>        Plaintiff,<br>    v.<br><br>IBEW PACIFIC COAST PENSION FUND,<br><br>        Defendant. | CASE NO. C19-0772JLR<br><br>ORDER GRANTING IN PART AND DENYING MOTION FOR ATTORNEY'S FEES AND COSTS |

## I. INTRODUCTION

This action concerns Plaintiff Teresa Richardson's claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., related to Defendant IBEW Pacific Coast Pension Fund's ("IBEW") reduction in Ms. Richardson's monthly pension benefit amount and IBEW's attempt to recoup $130,648.95 in overpayments from Ms. Richardson. (*See generally* Compl. (Dkt. # 1).) On July 6, 2020, the court granted in part and denied in part IBEW's motion to dismiss or in the alternative

ORDER - 1

for summary judgment and resolved the issues the parties raised in their trial briefs by upholding IBEW's decision to reduce Ms. Richardson's monthly pension benefit but reversing IBEW's decision to recoup its overpayment from Ms. Richardson.  (*See* 7/6/20 Order (Dkt. # 28) at 2, 11-19, 24; *see also* MSJ (Dkt. # 18); Plf. Tr. Br. (Dkt. # 24); Def. Tr. Br. (Dkt. # 23).)  In addition, the court concluded that Ms. Richardson was entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).  (7/6/20 Order at 19-24.)  Finally, the court ordered Ms. Richardson to file a motion detailing her reasonable attorney's fees and costs within 14 days of its July 6, 2020, order.  (*Id.* at 23-24.)

Presently, before the court is Ms. Richardson's motion for an award of $13,958.00 in attorney's fees and $2,775.00 in costs, for a total award of $16,733.00.  (*See* MFF (Dkt. # 29); *see also* Reply (Dkt. # 31)[1].)  IBEW responds to Ms. Richardson's motion by seeking a reduction in the amount of Ms. Richardson's award.  (*See* Resp. (Dkt. # 30).)  The court has considered Ms. Richardson's motion, IBEW's response, the parties' submissions in support of and in opposition to Ms. Richardson's motion, the relevant

//

//

---

[1] IBEW filed a surreply asking the court to strike Ms. Richardson's reply memorandum because she did not file it in a timely manner.  (*See* Surreply (Dkt. # 33).)  Ms. Richardson's reply memorandum was due on Friday, August 7, 2020, but she failed to file it until the following Monday, August 10, 2020.  (*See* Reply); *see also* Local Rules W.D. Wash. LCR 7(d)(3).  The court warns Ms. Richardson's counsel that it takes compliance with its local rules seriously and any further violations may result in the imposition of sanctions.  Nevertheless, in its discretion, the court declines to strike Ms. Richardson's reply memorandum because IBEW shows no actual prejudice as a result of Ms. Richardson's three-day delay in filing.

portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS in part and DENIES in part Ms. Richardson's motion and AWARDS her $13,922.00 in fees and $575.00 in costs, for a total award of $14,497.00—representing an overall reduction of $2,236.00.

## II. BACKGROUND

In support of her request for an award of reasonable attorney's fees and costs, Ms. Richardson submits a declaration from her attorney, Saphronia Young, and detailed, itemized month-end statements for her attorney's legal services in this action. (*See generally* Young Decl. (Dkt. # 29-1).) Ms. Young attests that the hourly rates for the attorneys in her firm range from $275.00 to $400.00 per hour, and that her hourly rate is at the low end of this range at $300.00 per hour. (*Id.* ¶ 3.) She also attests that hourly rates for paralegals in her firm range from $80.00 to $185.00 per hour. (*Id.*) Ms. Young testifies that, since Ms. Richardson retained her on June 15, 2018, she expended approximately 93.4 hours in connection with the itemized fees she charged in Ms. Richardson's ERISA action. (*Id.* ¶¶ 5, 7.) Finally, Ms. Young testifies that, in prosecuting Ms. Richardson's action, Ms. Richardson incurred $13,958.00 in fees and

//
//
//
//

---

[2] Neither party requests oral argument on Ms. Richardson's motion (*see* MFF at 1; Resp. at 1), and the court does not consider oral argument to be helpful to its disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

$2,775.00 in costs, for a total of $16,733.00 in charges.[3] (*Id.* ¶ 4, Ex. A (attaching Ms. Richardson's itemized month-end statements for legal services).)

### III.  ANALYSIS

**A.  Standards**

The calculation of an award of reasonable attorney's fees is generally based on the "lodestar" method set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The resulting lodestar figure is presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *Cunningham v. Cty. of L.A.*, 879 F.2d 481, 484 (9th Cir. 1988); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987) (noting "[a] strong presumption that the lodestar figure . . . represents a 'reasonable' fee"). However, a court may adjust the lodestar figure based on several *Kerr* factors, including: the time and labor involved, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *See Fischer*, 214 F.3d at 1119 n.3; *see also Kerr v.*

//

---

[3] Ms. Young obtained a written engagement agreement with Ms. Richardson, but due to Ms. Richardson's inability to pay, Ms. Young's firm agreed to a payment plan of $200.00 per month. (Young Decl. ¶ 3.)

ORDER - 4

1  *Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Jordan v. Multnomah Cty.*,
2  815 F.2d 1258, 1264 n.11 (9th Cir. 1987) (noting that the district court need not address
3  every *Kerr* factor).

4  The reasonableness of an hourly rate is determined based on the experience, skill,
5  and reputation of the attorney requesting fees. *See Webb v. Ada Cty.*, 285 F.3d 829, 840
6  (9th Cir. 2002); *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1097 (D. Haw. 2010). The
7  established standard when determining a reasonable hourly rate is the "rate prevailing in
8  the community for similar work performed by attorneys of comparable skill, experience,
9  and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986); *see
10 also Jordan*, 815 F.2d at 1262. For purposes of determining a reasonable hourly rate, the
11 relevant "community" is the Western District of Washington. *See Camacho v.
12 Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Declarations from attorneys
13 regarding prevailing fees and rate determinations in other cases can provide evidence of
14 the prevailing market rate. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896
15 F.2d 403, 407 (9th Cir. 1990).

16 **B.   The Lodestar**

17 Ms. Richardson's attorney, Ms. Young, requests a lodestar rate of $300.00 per
18 hour. Ms. Young's declaration provides support for the reasonableness of this rate in the
19 relevant community (*see* Young Decl. ¶ 7(3) ("My fees . . . are within the general range
20 of fees charged by other attorneys practicing in this area within King, Snohomish, and
21 Pierce Counties.")), as do recent decisions from the Western District of Washington, *see
22 e.g. Fulton v. Livingston Fin. LLC*, No. C15-0574JLR, 2016 WL 3976558, at *4 (W.D.

1 Wash. July 25, 2016) (finding $300.00 to be a reasonable hourly rate in the relevant

2 community); *Rodriguez v. Nancy A. Smith & Assocs.*, No. C12-5252RBL, 2012 WL

3 5207545, at *3 (W.D. Wash. Oct. 22, 2012) (finding hourly rates ranging from $160.00

4 to $265.00 to be reasonable).  The hourly rates from these cases, when adjusted to reflect

5 the passage of time, comport with this court's "own knowledge of customary rates and

6 [its] experience concerning reasonable and proper fees."  *Ingram v. Oroudjian*, 647 F.3d

7 925, 928 (9th Cir. 2011).  Further, Ms. Young has been practicing law since 1997 and

8 practicing in Washington State since 2001, and she has a variety of experience relevant to

9 Ms. Richardson's claims.  (*See* Young Decl. ¶ 7(7).)  Accordingly, the court concludes

10 that $300.00 per hour is a reasonable rate for Ms. Young's attorney's services in this

11 case.

12     In determining the number of hours reasonably spent, courts grant deference to the

13 prevailing attorney's professional judgment as to how much time was required in order to

14 prevail.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  However,

15 courts should exclude from their calculation hours that lack adequate documentation, or

16 which, though documented, were excessive, redundant, or otherwise unnecessary.

17 *Hensley*, 461 U.S. at 434.  Here, Ms. Young provides detailed timesheets indicating that

18 she spent a total of 93.4 hours over a more than two-year time period litigating Ms.

19 Richardson's complaint.  (Young Decl. ¶¶ 5, 7(1).)  This time included reviewing an

20 extensive administrative record, drafting the complaint, legal research, motion practice,

21 and drafting trial briefs, among other tasks.  (*Id.* ¶¶ 4-5, Ex. A.)  Based on the number of

22 hours Ms. Young spent on this litigation and her hourly rate, Ms. Young seeks a total

1  attorney's fees award of $13,958.00.  (*Id.* ¶ 4, Ex. A.)  However, as discussed below, the
2  court deducts $36.00 from Ms. Richardson's attorney's fee award due to three incomplete
3  entries on Ms. Young's timesheets.  *See infra* § III.C.3.  Thus, the court concludes that
4  the appropriate lodestar amount is $13,922.00.  As noted above, this lodestar figure is
5  presumptively reasonable.  *See Morales*, 96 F.3d at 363 (9th Cir. 1996); *Cunningham*,
6  879 F.2d at 484.
7  **C.    IBEW's Objections**
8         IBEW raises a series of objections to Ms. Richardson's attorney's fees request.
9  (*See generally* Resp.)  The court addresses each objection in turn.  The court declines to
10 reduce Ms. Richardson's attorney's fees award based on IBEW's objections, except for
11 three entries on Ms. Young's records—totaling $36.00—that the court agrees are
12 incomplete and that the court already considered when deciding the lodestar figure.  *See*
13 *supra* § III.B; *see infra* § III.C.3.
14        1.  Ms. Young's hourly rate
15        IBEW objects to Ms. Young's hourly rate.  IBEW complains that, although Ms.
16 Young attests that her hourly rate is $300 per hour, she sometimes only charged $290 per
17 hour.  Further, IBEW asserts that, because Ms. Young did not attach her written
18 agreement with Ms. Richardson to her declaration, her claim for an hourly rate of $300
19 per hour "is unsupported" and the court should assign her the lowest hourly rate in her
20 firm of $275 per hour.  (Resp. at 2.)  The court finds IBEW's arguments nonsensical.
21 The court is unable to follow IBEW's logic that, because Ms. Young charged $10 less
22 than her usual hourly rate in some instances, her hourly rate should be reduced from $300

to $275 per hour. Indeed, if anything, the fact that in some instances Ms. Young charged only $290 per hour inures to IBEW's benefit. Further, the court rejects the conclusion that Ms. Young's hourly rate is unsupported because she did not attach her fee agreement with Ms. Richardson to her declaration. Ms. Young's hourly rate is supported by her sworn testimony (*see* Young Decl. ¶ 3) and is in sync with this court's "own knowledge of customary rates and [its] experience concerning reasonable and proper fees," *see Ingram*, 647 F.3d at 928. Thus, the court declines to discount Ms. Young's rate based on IBEW's argument.

IBEW also argues that the court should reduce Ms. Young's rate because she lacks specific experience in ERISA. (Resp. at 3.) The court disagrees. First, as Ms. Young points out, she has a variety of experience applicable to the matter at hand, including extensive litigation experience, experience in employment law, and a fiduciary practice encompassing trust accounting and fiduciary claims. (*See* Young Decl. ¶ 7(7).) Second, "a district court may not rely on the quality of representation to apply a *downward* multiplier unless, at the very least, the district court makes a detailed finding based on specific evidence that the quality of the service was inferior in light of the hourly rate selected in setting the lodestar amount." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000). The court makes no such finding here, and indeed, Ms. Young prevailed on a substantial portion of Ms. Richardson's claim. (*See* 7/60/20 Order at 15-19; *see also id.* at 20 (concluding that Ms. Richardson attained "some degree of success on the merits" by prevailing on the issue of recoupment of IBEW's overpayment

//

to her) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010)).)
Thus, the court declines to reduce Ms. Young's hourly rate.

      2. <u>Paralegals</u>

IBEW complains that there are entries totaling $4,060.00 for seven paralegals that are identified only by their initials. (*See* Resp. at 5.) IBEW argues that the amounts charged for these paralegals is unsubstantiated. (*See id.*) Again, the court disagrees. The court has reviewed the entries on Ms. Richardson's itemized month-end statements for these paralegals and concludes that the work charged by each is reasonable, appropriate, and not duplicative. (*See* Young Decl. ¶ 4, Ex. A.) Further, Ms. Young did not charge Ms. Richardson for more than 44% of the time-entries for these paralegals[4] over the course of the litigation—demonstrating counsel's efforts to ensure that the paralegal time charged was substantive and not duplicative in nature. Moreover, the use of paralegals for appropriate, non-clerical, tasks reduces the overall cost of litigation for work "that might otherwise be performed by a lawyer and billed at a higher rate." *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989); *see also Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990) ("[E]xcluding reimbursement for [law clerk and paralegal] work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost."). Thus, the court concludes that Ms. Young's use of paralegals reduced the

//

---

[4] Of the 81 entries for these seven paralegals on Ms. Richardson's itemized month-end statements over the course of two years, 36 of the entries were not charged to Ms. Richardson, as indicated by the "NO CHARGE" notations next to the entries. (*See* Young Decl. ¶ 4, Ex. A.)

overall cost of the litigation to Ms. Richardson and was reasonable both in terms of their rates and the time expended. Accordingly, the court declines to reduce Ms. Richardson's fee award for any of the paralegal charges at issue.[5]

### 3. Incomplete Billing Entries

IBEW complains that eight entries totaling $89.00 are incomplete and should be deducted from Ms. Richardson's fee award. (*See* Resp. at 5.) The court has reviewed each such entry. Two of the entries appear to be appropriately redact attorney-client communications. (*See* Young Decl. ¶ 4, Ex. A at 2 (noting the entry for 7/24/28 for 29.00 concerning a client phone call); *see also id.* at 6 (noting the entry for 8/16/19 for $12.00 concerning a client phone call).) One entry the court does not consider to be incomplete. (*See id.* at 3 (noting the entry on 3/18/19 for $12.00, stating: "Revise cover letter").) The court, however, agrees with IBEW that the remaining three entries are incomplete and accordingly reduces the lodestar amount by $36.00. (*See id* at 3 (noting entry on 1/31/19 for $12.00 for "Create," on 2/5/19 for $12.00 for "E-mail out," and on

//

---

[5] IBEW also complains, without citation to authority, that Ms. Young's testimony that the paralegal rates at her firm range from $80.00 to $185.00 per hour (*see* Young Decl. ¶ 3) is insufficient to substantiate a reasonable rate for the work of the paralegals on the itemized month-end statements sent to Ms. Richardson (*see* Resp. at 3). Again, the court finds Ms. Young's sworn testimony to be adequate and concludes that this range of rates for paralegal services comports both with the court's own knowledge of customary paralegal rates in this forum and, given the passage time, is generally consistent with case authority as well. *See Willis v. City of Fresno*, Case No. 1:09-CV-01766-BAM, 2014 WL 3563310 (E.D. Cal. July 17, 2014) (finding the reasonable range for paralegals rates in the forum to be between $75 and $150 per hour); *Montes v. City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120966, at *4 (E.D. Wash. June 19, 2015) (finding that the declarant's testimony as to the "range of reasonable hourly rates within the forum for each participating . . . paralegal" was "commensurate with the Court's own knowledge of hourly rates within this forum").

3/29/19 for $12.00 for "Process incoming")); *see supra* § III.B (noting that the court reduced the lodestar amount by $36.00 for these three time entries).

    4.  <u>Block Billing, Excessive Time, and Clerical Tasks</u>

IBEW argues that various time entries should be disallowed due to "block billing," as excessive time, or because they involve "menial or clerical" tasks. (Resp. at 6-7.) The court has reviewed the entries on Ms. Richardson's itemized month-end statements and declines to reduce the award based on any of these objections. Given the results Ms. Young obtained, the overall charges she assessed to Ms. Richardson, and the amount of time she spent litigating this matter, the court cannot conclude that Ms. Young's time or any other timekeepers' time on this matter was excessive. The court also does not find the entries related to Ms. Young's work on Ms. Richardson's opposition to IBEW's motion for summary judgment or other briefing in this case to be either excessive or to constitute block billing. Finally, the court does not find or conclude that it should make any reduction for the billing of "menial" or "clerical" charges.[6]

    5.  <u>Summary</u>

Except for a $36.00 deduction for three incomplete time entries, which the court accounts for in its calculation of the lodestar figure, the court declines to reduce Ms.

//

---

[6] IBEW also argues that Ms. Young's time was excessive because IBEW offered to settle the matter with her in September 23, 2019, "in exactly the way ultimately determined by the court." (Resp. at 7-8.) However, as Ms. Young points out, she obtained a better result from the court than offered by IBEW because she obtained an award of attorney's fees as well. (*See* Reply at 6-7; *see also* 7/6/20 Order at 19-23 (granting Ms. Richardson an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1)).)

1 | Richardson's award of attorney's fees based on IBEW's objections. Accordingly, the
2 | court awards Ms. Richardson $13,922.00 in attorney's fees.

3 | **D.    Expenses**

4 | Ms. Richardson seeks an award of $2,775.00 in expenses. (MFF at 1, 6.) IBEW
5 | does not object to Ms. Richardson's claim for $400.00 in filing fees and $175.00 in
6 | service fees. (*See* Resp. at 8 ("Costs for filing and service are not opposed."); *see also*
7 | Young Decl. ¶ 4, Ex. A at 16 (noting a $400.00 charge for filing and $175.00 charge for
8 | service).) However, IBEW objects to Ms. Richardson's claim for $2,200.00 as an
9 | "expense" for Laurel Brown, who is identified as an attorney who worked on the matter
10 | on August 29, 2018, and January 31, 2019. (*See* Resp. at 8-9; *see also* Young Decl. ¶ 4,
11 | Ex. A at 11.) Ms. Young never explains why she lists Ms. Brown's charges as an
12 | "expense" in the litigation; nor does she provide any description of the work Ms. Brown
13 | did on either day. (*See generally* Young Decl; MFF; Reply.) Further, Ms. Young
14 | provides no explanation of Ms. Brown's qualifications, her hourly rate, or the amount of
15 | time she spent working on the matter each day. The court agrees with IBEW that these
16 | entries are the equivalent of improper block billing, and the court disallows Ms. Brown's
17 | charges as an expense. Accordingly, instead of the $2,775.00 in expenses Ms.
18 | Richardson seeks, the court awards her only $575.00.

19 | **IV.    CONCLUSION**

20 | Based on the foregoing analysis, the court GRANTS in part and DENIES in part
21 | Ms. Richardson's motion for an award of reasonable attorney's fees and costs, and
22 | //

AWARDS Ms. Richardson $13,922.00 in attorney's fees and $575.00 in costs, for a total award of $14,497.00—representing an overall reduction of $2,236.00.

Dated this 21st day of September, 2020.

JAMES L. ROBART
United States District Judge